IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MARSHAN TERRELL ALAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10-CV-3285 |
| ) | |
| WILLIAM TWADDELL and ) | |
| RICHARD YOUNG, ) | |
| ) | |
| ) | |
| Defendants, ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

Plaintiff, incarcerated in Western Illinois Correctional Center, practices the African Hebrew Israelite religion. Consistent with his religious beliefs, Plaintiff is provided a vegan diet and permitted to participate in Yom Kippur, a day of prayer and fasting. At the end of Yom Kippur, after sunset, meals are delivered to the cells of participants for breaking the fast.

Defendants' motion for summary judgment is before the Court. Because facts essential to resolving this case are not in the record, the summary judgment will be denied with leave to renew.

1

## FACTS

Plaintiff asserts that, in addition to fasting on Yom Kippur, he sincerely believes that his religion also requires him to fast every Sabbath—from sunset every Friday night to sunset the following Saturday night.  Because dinner is served before sunset Saturday night, Plaintiff has requested to be served his dinner in his cell after sunset, as he had been permitted to do in Stateville Correctional Center.  Plaintiff is the only inmate at Western Illinois Correctional Center who has made this request.

Defendants move for summary judgment, arguing that Plaintiff's desire to break his Sabbath fast after sunset on Saturday is not based on Plaintiff's sincere religious belief but rather on Plaintiff's non-religious personal preference.  Defendants contend that Plaintiff can adhere to the Sabbath fasting requirement by waiting until breakfast to eat.  Defendants also argue that Plaintiff has alternative means of breaking the fast after sunset, such as eating commissary food or smuggling food from the cafeteria.

Plaintiff counters that when and how he breaks his fast is just as important to the practice of his religion as the fast itself.  Plaintiff contends that the breakfast served does not offer the foods required

2

by his religion to break the fast, namely fruits and vegetables. Plaintiff acknowledges that he is sometimes able to buy food from the commissary to break his fast. However, according to Plaintiff, only "junk food" is available at the commissary. Eating junk food to break his fast is inconsistent with Plaintiff's religious beliefs, Plaintiff explains, because a healthy diet is central to the practice of his religion, and thus the fast must be broken with a nutritional meal. Additionally, Plaintiff asserts that waiting until breakfast to end his fast is too difficult for him. Therefore, Plaintiff continues to eat his Saturday dinner before sunset, even though that practice violates his religious beliefs.

## ANALYSIS

Construing factual inferences in Plaintiff's favor, a trier of fact believing Plaintiff's testimony could find that Plaintiff holds a sincere religious belief that his Sabbath fast must be broken after sunset on Saturday evenings by a nutritious meal. *See* Koger v. Bryan, 523 F.3d 789 (7th Cir. 2008)(inmate's professed religious belief of needing a non-meat diet could be sincere even though inmate's religion had no dietary requirements). Whether Plaintiff's professed belief is pretextual is for the trier of fact to decide.

3

Plaintiff's inability to eat reliably a nutritious meal after sunset on Saturdays allows an inference that his right to the free exercise of his religion is substantially burdened, both under the First Amendment and the Religious Land and Institutionalized Persons Act (RLUIPA). <u>Civil Liberties for Urban Believers v. City of Chicago</u>, 342 F.3d 752 (760-61 (7th Cir. 2003)(a restriction which makes religious exercise "effectively impracticable" is a substantial burden).

However, questions remain. Defendants' denial of Plaintiff's request is permissible under RLUIPA if the denial is in furtherance of a compelling interest and the least restrictive means of achieving that interest. 42 U.S.C. § 2000cc-1(a). And, even if the denial violates RLUIPA, the denial could still be permissible under the First Amendment, the only claim under which Plaintiff can seek damages. Under the First Amendment, the denial need only be rationally related to a legitimate penological interest. <u>Maddox v. Love</u>, 655 F.3d 709 (7th Cir. 2011); <u>Ortiz v. Downey</u>, 561 F.3d 664, 669 (7th Cir. 2009).

Defendants argue that movement, safety, staffing, and security concerns justify denying Plaintiff's requests, but the argument made is perfunctory. Defendants do not address whether

4

granting Plaintiff's request would impose a burden on prison resources or result in any adverse consequences to the prison. Additionally, Defendants do not provide their own affidavits, which would be necessary to gain summary judgment on the retaliation claim.

Questions also remain regarding the application of qualified immunity. The qualified immunity analysis on the First Amendment claim and the RLUIPA claim differs because of different legal standards. Lewis v. Sternes, 712 F.3d 1083, 1085 (7th Cir. 2013)("Whether there is a constitutional as distinct from a statutory right to a religious accommodation is an open question . . . ."); *see also* Easterling v. Pollard, 2013 WL 3787486 (7th Cir. 2012)(prison officials were entitled to qualified immunity on inmate's request to observe Ramadan at a different time from the other inmates observing Ramadan).

In light of these questions, Defendants' motion for summary judgment is denied with leave to renew. The case will be set for a final pretrial conference to keep the case moving.

**IT IS ORDERED:**

1. Defendants' motion for summary judgment is denied (d/e 54).

5

2. By October 31, 2013, Defendants are directed to file a supplemental summary judgment motion which addresses the following issues with admissible evidence, including but not limited to affidavits from Defendants and others with personal knowledge:

   a. Whether Defendants have a compelling governmental interest for denying Plaintiff's request;

   b. Whether the denial of Plaintiff's request is the least restrictive means of furthering that governmental interest;

   c. Whether the denial of Plaintiff's request is based on a neutral rule of general applicability, and, if so, how the Supreme Court case of <u>Employment Div. Dept. of Human Resources v. Smith</u>, 494 U.S. 872 (1990) contributes to the legal analysis.  See <u>Lewis v. Sternes</u>, 712 F.3d 1083, 1085 (7th Cir. 2013).

   d. Whether the denial of Plaintiff's request is reasonably related to a legitimate penological interest, analyzing all the factors set forth in <u>Turner v. Safley</u>, 482 U.S. 78 (1987).

   e. Whether jury trials are available in actions pursuant to the Religious Land Use and Institutionalized Persons Act.

   f. Whether the Illinois Court of Claims has exclusive jurisdiction over Plaintiff's IRFRA claim.

   g. Whether other inmates at Western Correctional Center or any other IDOC prison receive or received in the past two years post-sunset meals in their cells for religious or other reasons.  If so, state the name of the prison, how many inmates in that prison received post-sunset meals, for how long, for which religion, and for what reason.

3. A final pretrial conference is scheduled for January 14, 2014 at 10:30 a.m.  Plaintiff shall appear by video conference.  Defense counsel shall appear in person.  The parties are directed to submit an agreed, proposed final pretrial order at least seven days before the final pretrial conference.  Defendant bears the responsibility of preparing the proposed final pretrial order and mailing the proposed order to Plaintiff to allow Plaintiff sufficient time to review the order before the final pretrial conference.  See CD-IL Local Rule 16.3.

4. The proposed final pretrial order must include the names of all witnesses to be called at the trial and must indicate whether the witness will appear in person or by video conference. Nonparty witnesses who are detained or incarcerated will testify by video. Other nonparty witnesses may appear by video at the Court's discretion. The proposed pretrial order must also include the names and addresses of any witnesses for whom trial subpoenas are sought. The parties are responsible for timely obtaining and serving any necessary subpoenas, as well as providing the necessary witness and mileage fees. Fed. R. Civ. P. 45.

5. The exhibit section of the proposed final pretrial order must list by number all the exhibits a party may seek to introduce at the trial and give a short description of the exhibit. (For example, "Plaintiff's Ex. 1: 11/10/12 health care request"). The parties must prepare their own exhibits for introduction at the trial, marking the exhibits with the same number that is on the list submitted to the Court. Exhibits that are introduced at trial will be kept in the Court record. Therefore, the party offering the exhibit is responsible for making a copy of the exhibit to

keep for the party's own records. Additionally, the parties are directed to exchange copies of their marked exhibits at least ten days before the final pretrial conference. If a party intends to object to the introduction of a proposed exhibit, that party must provide the Court a copy of the exhibit and an explanation of the grounds for objection at least five business days before the final pretrial conference. Objections will be argued orally at the final pretrial conference.

6. The Court will circulate proposed jury instructions, a statement of the case, and proposed voir dire questions prior to the final pretrial conference, for discussion at the final pretrial conference. Proposed additional/alternate instructions and voir dire questions must be filed five business days before the final pretrial conference. The jury instructions, statement of the case, and voir dire questions will be finalized at the final pretrial conference, to the extent possible.

7. Motions in limine are to be filed at least five business days before the final pretrial conference, to be argued orally at the final pretrial conference.

8. The date for the jury selection and the jury trial will be determined at the final pretrial conference.  In light of the Court's busy trial calendar, the parties are reminded that they may consent to a trial before Magistrate Judge Cudmore.  28 U.S.C. § 636(c)(1)(parties may consent to full time Magistrate Judge conducting "any or all proceedings in a jury or nonjury civil matter).  Consent is completely voluntary: the parties are "free to withhold consent without adverse substantive consequences."  28 U.S.C. § 636(c)(3).

**9. THE CLERK IS DIRECTED to issue a video writ to secure Plaintiff's appearance at the final pretrial conference.**

ENTER: 8/20/2013
FOR THE COURT:

                                              **s/Sue E. Myerscough**
                                              SUE E. MYERSCOUGH
                                      UNITED STATES DISTRICT JUDGE